[611 NYS2d 669]

Kenneth Haldeman et al., Appellants, v Leslie Teicholz et al., Respondents.

Third Department, May 5, 1994

---

## APPEARANCES OF COUNSEL

*Walter S. Wojcik,* Cropseyville, for appellants.

*McGroddy & Davidson,* Mount Kisco *(Charles B. McGroddy* of counsel), for Leslie Teicholz, respondent.

*Connor & Connor,* Hudson *(John Connor, Jr.,* of counsel), for Trustco Bank NY, respondent.

## OPINION OF THE COURT

CASEY, J.

Plaintiff Kenneth Haldeman (hereinafter plaintiff) seeks to enforce the restrictive covenants contained in a recorded declaration of restrictions established by plaintiff for a three-lot subdivision of a parcel of property in the Town of Schodack, Rensselaer County, which he purchased from the Schodack Rod & Gun Club. At the time he purchased the property and created the subdivision, plaintiff held a life estate in adjacent property where he and his wife resided and continue to reside. Plaintiff sold each of the parcels of former Rod & Gun Club property subject to all enforceable covenants, conditions, restrictions and easements of record.

Defendant Leslie Teicholz is a subsequent purchaser of a parcel of the property. She obtained Town approval to further subdivide the property, a portion of which she sold to defendant Leila K. Wager. Plaintiff contends that the subdivision by Teicholz violated the restrictive covenants which he can enforce as the original grantor in possession of adjacent premises. Defendants contend that plaintiff lacks standing to enforce the restrictive covenants* and that the covenants do not apply to the property purchased by Teicholz. Supreme Court agreed with defendants' contentions, granted their motion for summary judgment and declared that Teicholz's property is not burdened by the restrictive covenants.

The standing issue raised on this appeal requires an analysis of the nature of the restrictive covenants created by plaintiff when he subdivided the former Rod & Gun Club property. Applying the three-part test for determining whether a covenant restricting real property is personal or runs with the land (see, Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 255), it is clear that the restrictive covenants at issue are not personal to plaintiff as the grantor, but they run with the land. In determining who can enforce covenants which run with the land, the courts have recognized three classes of covenants (see, Korn v Campbell, 192 NY 490, 495). The first are those entered into with the design to carry out a general scheme for the improvement or development of real property, which are enforceable by any grantee (supra). The second class are those created by the

---

* It is undisputed that the other parties named as plaintiffs in this action derived their interest in the matter through plaintiff, so that if he lacks standing the complaint must be dismissed.

grantor, presumptively or actually, for the benefit and protection of contiguous or neighboring lands retained by the grantor *(supra)*. The grantor and his assigns of the property benefited by the second type of covenant may enforce it *(supra)*, and there is no need to show a common scheme or plan *(see, Malley v Hanna,* 65 NY2d 289). The third class of restrictive covenants concerns mutual covenants between owners of adjoining lands, which are not involved in this case.

Defendants contend that the restrictive covenants created by plaintiff fall within the first category, and were created as part of a general scheme or plan for the development of the former Rod & Gun Club property. According to defendants, the covenants can be enforced only by the owners of the property in the subdivision created by plaintiff and that when plaintiff divested himself of all of the property in the subdivision, he possessed no rights of enforcement *(see, Graham v Beermunder,* 93 AD2d 254, 260, *lv dismissed and denied* 60 NY2d 553, 630). Plaintiff contends that the restrictive covenants fall within the second category, and that he has standing to enforce the covenants because he continues to hold a life estate in adjacent land benefited by the covenants. We conclude that the categories are not mutually exclusive. Although the evidence in the record supports defendants' claim that the covenants were created as part of a common scheme or plan for the development of the former Rod & Gun Club property, the possibility remains that the covenants had a second purpose related to the protection and benefit of the adjoining property retained by the grantor.

One of the elements of a restrictive covenant that runs with the land is that "the parties *intended* its burden to attach to the servient parcel and its benefit to run with the dominant estate" *(Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 262 [emphasis supplied]). The only possible dominant estate retained by plaintiff is his life estate in the property which adjoins the former Rod & Gun Club property. The issue, therefore, is not whether the adjacent property was benefited by the covenants, but whether plaintiff intended the benefit of the covenants to run with his interest in the adjacent property. Although the courts have long recognized a presumption that the insertion of a restrictive covenant is for the purpose of protecting rights held by the grantor in adjacent property *(supra,* at 262), we conclude that the presumption is rebuttable. "Irrebuttable presumptions have their place

in the law but only where public policy demands that inquiry cease" *(Derby v Prewitt,* 12 NY2d 100, 106).

In examining the declaration of restrictions made by plaintiff to determine the intent and purpose of the restrictive covenants, we are guided by the general principles that because the law favors free and unencumbered use of real property, covenants purporting to restrict such use are strictly construed and restraints will be enforced only when their existence has been established by clear and convincing proof by the owner of the dominant estate *(see, Witter v Taggart,* 78 NY2d 234, 237-238). The declaration of restrictions made by plaintiff refers to the subdivision of the former Rod & Gun Club property and states that the restrictions "are for the benefit of each owner of land in such subdivision". The declaration also provides that the restrictions shall expire at the end of a 20-year period, but the restrictions shall be automatically extended for successive 10-year periods unless "the owners of a majority of the lots in the subdivision shall by written instrument duly recorded declare a termination of the same". The language of the declaration establishes that the purpose of the restrictions was to benefit only the land within the subdivision and that the presumption of an intent to benefit adjacent land retained by plaintiff has been rebutted. Plaintiff's complaint must, therefore, be dismissed because he is not the owner of a dominant estate which was intended to benefit from the restrictive covenants contained in the declaration of restrictions made by plaintiff when he subdivided the former Rod & Gun Club property.

Although Teicholz moved for summary judgment on her counterclaim seeking a declaration that her property is not burdened by the restrictive covenants, we conclude that Supreme Court erred in making such a declaration. With the dismissal of plaintiff's complaint for lack of standing, the declaration is not necessary to resolve the dispute between plaintiff and Teicholz, and none of the other owners of property in the subdivision, who are not parties to this action, would be bound by the declaration. The judgment should, therefore, be modified to delete the declaration.

CARDONA, P. J., WHITE, WEISS and PETERS, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendant Leslie Teicholz's motion for summary judgment on her counterclaim; said motion denied and the fourth decretal paragraph therein deleted; and, as so modified, affirmed.