12-3083-cv
Clifford v. County of Rockland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand thirteen.

PRESENT: REENA RAGGI,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

------------------------------------------------------------------------

DEIRDRE A. CLIFFORD,
*Plaintiff-Appellant*,

v.                                                          No. 12-3083-cv

THE COUNTY OF ROCKLAND,
*Defendant-Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        MICHAEL D. DIEDERICH, JR., ESQ., Stony Point, New York.

APPEARING FOR APPELLEE:        REBECCA MANTELLO (Richard Martin Mahon, *on the brief*), Tarshis, Catania, Liberth, Mahon & Milligram, PLLC, Newburgh, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 25, 2012, is AFFIRMED.

Deirdre A. Clifford, who worked for the Rockland County Department of Hospitals for 28 years, appeals from an award of summary judgment in favor of the County defendant (the "County") on her claims of discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA"), see 42 U.S.C. § 12101 et seq., and denial of due process, see 42 U.S.C. § 1983.[1] We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to Clifford and drawing all reasonable inferences in her favor. See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.    ADA Claims

Clifford contends that the district court erred in finding the record evidence insufficient to raise material issues of fact as to whether the County's claimed reasons for its challenged actions—i.e., Clifford's ingestion of alcohol and intoxication on the job, and her risk of recidivism—were a mere pretext for unlawful disability discrimination and retaliation.

---

[1] Clifford has withdrawn her § 1983 equal protection claim and, therefore, we do not consider that part of the summary judgment award.

Clifford argues that a question of pretext arises from evidence that (1) the County failed to engage in the ADA-required "interactive process," or otherwise to make reasonable accommodations for Clifford's alcoholism after the May 13, 2008 incident of on-duty intoxication; (2) the Disciplinary Stipulation following the May 13th incident is discriminatory in that it effectively prohibits her from ingesting alcohol while on or off duty, a condition not imposed on employees without an alcohol-related disability; (3) Dr. Tuckman's medical evaluation was more expansive than business necessity required, see 42 U.S.C. § 12112(d); and (4) the County violated the Disciplinary Stipulation by delaying transmittal of Dr. Tuckman's report to Clifford, failing to return Clifford to work on January 29, 2009, seeking re-evaluation by Dr. Tuckman, and effectively demoting Clifford on her return to work. We are not persuaded.

"A plaintiff alleging that he was denied a reasonable accommodation bears the burdens of both production and persuasion as to the existence of some accommodation that would allow him to meet the essential eligibility requirements of the service, program, or activity at issue." McElwee v. County of Orange, 700 F.3d 635, 642 (2d Cir. 2012). Here, it is undisputed that, over the years of Clifford's employment, the County had accommodated her disability by acceding to requests for time off to secure treatment for relapses. Clifford now argues that, although her May 13, 2008 on-duty intoxication was misconduct warranting discipline, the County should have allowed her to return to work after a brief suspension without any evaluative or other conditions and subject only to the risk of termination if she

3

were again intoxicated on the job. The argument fails because, having conceded that termination was a permissible response to on-the-job intoxication, Clifford can hardly charge the County with having failed to afford her a reasonable accommodation when, instead of pursuing termination after the May 13th incident, it agreed to a suspension that afforded her the opportunity to return to work on a showing that she posed no serious risk of relapse. See 42 U.S.C. § 12114(c) (stating that employer may prohibit "all employees" from drinking or being intoxicated on job, and "may hold an employee . . . who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee"). The record shows that the County has terminated at least two other hospital employees for substance abuse, including one for alcohol abuse. In these circumstances, Clifford cannot demonstrate that the County's actions in affording her an opportunity to return to her job were pretexts for discriminatory bias.

Clifford's contention that the Disciplinary Stipulation was discriminatory also fails to raise a colorable issue of pretext. While its provision that, for a year following Clifford's return to work, no level of alcohol in her blood would be tolerated, was one not generally imposed on other employees, we have already ruled that special conditions imposed on employees identified as substance abusers do not violate the ADA. See Buckley v. Consol. Edison Co. of N.Y., 155 F.3d 150, 155–56 (2d Cir. 1998) (rejecting contention of plaintiff

4

with history of alcohol and substance abuse that employer discriminated against him in requiring testing every 25 days, while other employees were tested only every five years).

The record belies Clifford's claim that the breadth of Dr. Tuckman's evaluation demonstrates pretext. The ADA provides that an employer "may make inquiries into the ability of an employee to perform job-related functions" but "shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4). In his report, Dr. Tuckman stated that he evaluated Clifford to determine her "fitness for duty as a cashier in the Department of Hospitals cafeteria." J.A. 388. He ultimately recommended that Clifford not be immediately returned to work, because "her lik[e]lihood of imminent relapse is very great." J.A. 391. This evaluation, by its terms, addressed Clifford's "ability . . . to perform job-related functions," a permitted inquiry under § 12112(d)(4). It was both "job-related and consistent with business necessity," as the ADA requires.

Equally meritless are Clifford's arguments that County violations of the Disciplinary Stipulation demonstrate pretext. First, even if Clifford could show that the County delayed in providing her with Dr. Tuckman's report, such delay does not show pretext given that Dr. Tuckman specifically recommended against Clifford's return to work pending further treatment for her alcoholism. Second, Clifford misreads Dr. Tuckman's report to require the

5

County to return her to work three months after her suspension. In fact, the report can only be read to recommend that, after three months, Clifford be re-evaluated to determine whether "actively participating in an alcohol treatment program, as well as daily attendance at AA," J.A. 391, sufficiently mitigated the great risk of relapse presented on initial evaluation so as to permit reinstatement. Third, insofar as the Disciplinary Stipulation provides for both the County and Clifford to be "strictly bound" by Dr. Tuckman's recommendations, J.A. 393, one of which provided for re-examination in three months, Clifford can hardly claim that her re-examination by Dr. Tuckman violated the stipulation. In any event, no reasonable jury could conclude that such re-examination was a pretext for discrimination when it resulted in Dr. Tuckman's recommending Clifford's reinstatement. Fourth, although Clifford claims that her assignment to kitchen, rather than cashier, duties on reinstatement was a demotion, the record shows that the kitchen duties were included within her job description. Moreover, the record indicates that the County saw the kitchen assignment as a temporary measure that would allow for close supervision of Clifford while she demonstrated that she was sufficiently rehabilitated to return to handling money and dealing more directly with the public.

In sum, Clifford has failed to adduce sufficient admissible evidence from which a reasonable factfinder could conclude that the County's professed non-discriminatory reasons

6

for its challenged actions were pretextual and that the real reason for those actions was ADA-proscribed disability discrimination and retaliation.[2]

2.    Due Process

Clifford argues that her placement on involuntary leave violated due process because her waiver of a disability leave hearing pursuant to N.Y. Civ. Serv. Law § 72 was conditioned on Dr. Tuckman's concluding that Clifford was not "able to perform all her essential job functions on a full time basis," J.A. 393, and—Clifford argues—Dr. Tuckman never so concluded. The record shows otherwise. On his initial evaluation of Clifford, Dr. Tuckman reported that she presented a "very great" likelihood of "imminent relapse," and he recommended that she "remain out of work for three months." J.A. 391. Such a report can only be understood to conclude that Clifford was not then able to perform the essential functions of her job on a full-time basis. The condition set forth in the Disciplinary Stipulation for waiver of Clifford's right to a disability leave hearing was therefore met, necessarily defeating her due process claim.

---

[2] The County argues that dismissal of Clifford's ADA claim also warrants dismissal of her state law discrimination claims. Insofar as this argument could be construed to urge that we convert the district court's decision not to exercise supplemental jurisdiction over the state law claims into a dismissal with prejudice, we decline to second-guess the district court's exercise of discretion on this matter. See Spiegel v. Schulmann, 604 F.3d 72, 78 (2d Cir. 2010).

7

3.      Conclusion

We have considered Clifford's remaining arguments on appeal and conclude that they

are without merit.  Accordingly, the judgment of the district court is AFFIRMED.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court