■ DEIRDRE A. CLIFFORD, Appellant, v COUNTY OF ROCKLAND, Respondent. [35 NYS3d 211]—

In an action, inter alia, to recover damages for breach of contract and discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Berliner, J.), dated June 16, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of collateral estoppel, and (2) a judgment of the same court dated July 8, 2014, which, upon the

order, is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, an employee of the County of Rockland, commenced this action against the County to recover damages for, among other things, breach of contract and discrimination on the basis of disability in violation of the New York State Human Rights Law (see Executive Law § 296 [hereinafter the NYSHRL]). The County moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of collateral estoppel, citing the dismissal of the plaintiff's claims against it in a prior federal action in the United States District Court for the Southern District of New York (see Clifford v County of Rockland, 2012 WL 2866268, 2012 US Dist LEXIS 98783 [SD NY, June 25, 2012, No. 10-CV-9679 (VB)], affd 528 Fed Appx 6 [2d Cir 2013]). The plaintiff opposed the motion, noting that, pursuant to 28 USC § 1367 (c) (3), the District Court had declined to exercise supplemental jurisdiction over her state law claims. In an order dated June 16, 2014, the Supreme Court granted the County's motion. A judgment dated July 8, 2014 was entered in favor of the County and against the plaintiff dismissing the complaint. The plaintiff appeals from the order and the judgment.

"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). "Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]

[internal quotation marks and citations omitted]). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (*Matter of Dunn*, 24 NY3d 699, 704 [2015]). Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims (*see Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d 18, 23 [2014]; *Sanders v Grenadier Realty, Inc.*, 102 AD3d 460, 461 [2013]).

Here, with respect to her breach of contract claim, the plaintiff alleges that the County breached the terms of an October 2008 stipulation, pursuant to which she settled certain disciplinary charges against her, by failing to lift her suspension from employment for over eight months after she was "not found unfit" for duty, and reassigning her to an inferior position upon her return to work. These specific contentions, however, were considered and rejected in the federal action (*see Clifford v County of Rockland*, 2012 WL 2866268, *7, 2012 US Dist LEXIS 98783, *19).

With respect to the plaintiff's claims under the NYSHRL, "the standards for recovery under the New York Human Rights Law are in nearly all instances identical to title VII [of the Civil Rights Act of 1964] and other federal law" (*Margerum v City of Buffalo*, 24 NY3d 721, 731 [2015]). Here, the District Court determined that the County had legitimate, independent, and nondiscriminatory reasons for its employment actions, and that those reasons were not a pretext for discrimination (*see Clifford v County of Rockland*, 2012 WL 2866268, *6, 2012 US Dist LEXIS 98783, *15-16). This determination was dispositive of the plaintiff's NYSHRL claims (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *Kulaya v Dunbar Armored, Inc.*, 110 AD3d 772, 772 [2013]; *Adeniran v State of New York*, 106 AD3d 844, 845 [2013]). The United States Court of Appeals for the Second Circuit affirmed the judgment of the District Court (*see Clifford v County of Rockland*, 528 Fed Appx at 8-10).

Under the circumstances, the County met its burden of demonstrating that the issues raised in this action are identical to those decided against the plaintiff in the federal action. In opposition, the plaintiff failed to demonstrate that she did not have a full and fair opportunity to litigate these issues. Accordingly, the Supreme Court properly granted the County's

motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.