■ FC Notes SVC, LLC, Appellant, v United General Title Insurance Company, Respondent. [46 NYS3d 159]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated July 25, 2014, which granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of collateral estoppel.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of collateral estoppel is denied.

In a prior action against unrelated defendants pursuant to RPAPL article 15 to declare the rights and interests of the parties in relation to real property upon which the plaintiff claimed to have held a valid mortgage, the plaintiff alleged that it was the owner and assignee of the subject mortgage. The defendants in that action moved pursuant to CPLR 3211 (a) to dismiss the complaint. The Supreme Court granted that motion, finding that the complaint failed to state a cause of action because the plaintiff did "not allege that it is the holder of the notes[,] and the documents [it submitted] labeled 'Allonge to Note' are insufficient to establish a valid indorsement."

Thereafter, the plaintiff commenced this separate action against the defendant, the insurer of the subject mortgage pursuant to a "Master Loan Policy," alleging that the defend-

ant failed to timely record the mortgage. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the plaintiff is collaterally estopped from bringing this action, since it had been previously determined that the plaintiff lacked standing to assert claims under the subject mortgage. The Supreme Court granted that branch of the defendant's motion, concluding that the issue of the plaintiff's standing had been fully litigated and that the determination in the prior action was determinative of the plaintiff's claims in the current action.

" 'The doctrine of collateral estoppel, a narrower species of *res judicata*, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same' " (*Clifford v County of Rockland*, 140 AD3d 1108, 1109 [2016], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). " 'Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits' " (*Clifford v County of Rockland*, 140 AD3d at 1109, quoting *Conason v Megan Holding, LLC*, 25 NY3d 1, 17 [2015]).

The instant action is not barred by the doctrine of collateral estoppel since the dismissal of the prior action for failure to state a cause of action did not involve a determination on the merits (*see Canzona v Atanasio*, 118 AD3d 841, 842 [2014]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 41 AD3d 584, 585 [2007]; *see also Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]). Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the basis that the action was barred by collateral estoppel.

The defendant's remaining contention, raised as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), is without merit. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.