█ PETER GLASS et al., Appellants, v DONALD P. DEL DUCA et al., Respondents. [57 NYS3d 507]—

In an action for a judgment declaring that a certain indenture dated October 26, 2012, and an agreement dated December 21, 2012, are null and void, and for injunctive relief, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated September 3, 2015, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a), in effect, to dismiss the first three causes of action in the amended complaint, and to dismiss the fourth cause of action in the amended complaint insofar as asserted against the defendant John Maloney and insofar as it alleged violations of Code of the Town of Islip § 68-48 (A).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (3), in effect, to dismiss the first and second causes of action in the amended complaint for a declaratory judgment, as the defendants have a meritorious defense founded upon documentary evidence that the plaintiffs lack standing to bring these causes of action. In these causes of action, the plaintiffs seek to declare null and void an indenture dated October 26, 2012 (hereinafter the 2012 indenture), and an agreement dated December 21, 2012 (hereinafter the 2012 agreement). Pursu-

ant to the 2012 indenture, the defendant Ackerson Agency, Inc. (hereinafter Ackerson), purported to transfer to the defendant South Shore Estate Sales, Inc. (hereinafter South Shore), inter alia, the right to enforce restrictive covenants against real property owned by the defendants Donald P. Del Duca and Donald Del Duca (hereinafter together the Del Duca defendants) on Manatuck Lane in Bay Shore. In the 2012 agreement, the Del Duca defendants and South Shore, agreed to amend some of the restrictive covenants. The plaintiffs claim that they have the right to enforce the restrictive covenants pursuant to a 1986 indenture from Ackerson (hereinafter the 1986 indenture).

The doctrine of collateral estoppel bars relitigation of the issue of the individual plaintiffs' standing to bring the first two causes of action. The issue of the plaintiff Sandra Wheeler's standing to enforce the restrictive covenants was raised and decided against her on the merits in a separate action (*see Wheeler v Del Duca*, 151 AD3d 1005 [2017] [decided herewith]). The individual plaintiffs are in privity with Sandra Wheeler, and they had a full and fair opportunity to litigate the issue in the prior action (*see FC Notes SVC, LLC v United Gen. Tit. Ins. Co.*, 146 AD3d 935 [2017]; *Clifford v County of Rockland*, 140 AD3d 1108, 1109 [2016]).

The plaintiff O'Co-Nee Association, Inc. (hereinafter O'Co-Nee), lacks standing to challenge the 2012 indenture and the 2012 agreement or to enforce the restrictive covenants. The 1986 indenture did not grant O'Co-Nee the right to enforce the restrictive covenants. The language of the 2012 indenture and the 2012 agreement is unambiguous, and, therefore, extrinsic evidence cannot be considered (*see Brad H. v City of New York*, 17 NY3d 180, 185 [2011]; *Scotto v Georgoulis*, 89 AD3d 717, 718 [2011]). None of the plaintiffs was intended to be third-party beneficiaries of the restrictive covenants. The language in the deed from the original grantor indicates that the restrictive covenants were not imposed for the benefit of the owner of neighboring land (*cf. Nature Conservancy v Congel*, 253 AD2d 248, 251 [1999]; *Zamiarski v Kozial*, 18 AD2d 297, 299 [1963]). Furthermore, the restrictive covenants were not part of a common development scheme created for the benefit of all property owners within the O'Co-Nee development (*cf. Fader v Taconic Tract Dev., LLC*, 128 AD3d 887 [2015]; *Hidalgo v 4-34-68, Inc.*, 117 AD3d 798, 800 [2014]; *Dever v DeVito*, 84 AD3d 1539, 1540 [2011]).

The Supreme Court properly directed dismissal of the third and fourth causes of action in the amended complaint pursu-

ant to CPLR 3211 (a) (7) insofar as they alleged a violation of Code of the Town of Islip § 68-48 (A). That section applies to accessory uses, and Code of the Town of Islip § 68-48 (A) (1) (c) in particular applies to residential docks. However, the amended complaint contains no allegations of any residential use of the Del Duca defendants' property, and alleges only that the property is being used as a marina. Therefore, the accessory use provision is inapplicable.

The Supreme Court properly directed dismissal of all causes of action insofar as asserted against the defendant John Maloney pursuant to CPLR 3211 (a) (7), as the plaintiffs failed to state a cause of action against him (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.