Gorman v Despart (2018 NY Slip Op 05795)





Gorman v Despart


2018 NY Slip Op 05795


Decided on August 16, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 16, 2018

525875

[*1]PAUL A. GORMAN, Also Known as P. ANTHONY GORMAN, et al., Appellants,
v
THOMAS W. DESPART, Respondent.

Calendar Date: May 29, 2018

Before: Garry, P.J., Clark, Rumsey and Pritzker, JJ.


Gleason, Dunn, Walsh & O'Shea, Albany (Thomas F. Gleason of counsel), for appellants.
The Baynes Law Firm, PLLC, Ravena (Brendan F. Baynes of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered June 2, 2017 in Albany County, which, among other things, granted defendant's cross motion for partial summary judgment.
Plaintiffs and defendant own adjoining parcels of real property in Albany County that derive from a common grantor, the Estate of Marjory D. Rockwell (hereinafter the Estate). To implement a charitable bequest, the Estate conveyed a parcel of land containing approximately 44 acres to The Audubon Society of New York, Inc. by three separate deeds, each dated June 1, 1998, that subdivided the property into three separate lots. Parcel A — now plaintiffs' property — contained approximately 10.4 acres and a single-family residence that had been occupied by Rockwell.
Parcel B — now defendant's property — contained approximately 26.3 acres of vacant land, and parcel C was comprised of approximately 7.5 acres of vacant land. As relevant here, parcel A is subject to covenants, which "shall run with the land," that restrict its use to single-family residential purposes and provide that it may be further subdivided into a maximum of two lots [FN1]. Parcel B was conveyed subject to the following relevant covenants, which the deed states shall run with the land: "The land shall be forever wild and shall be used as a research, education and [*2]management area for urban wildlife conservation and water resource protection. . . . The property must be used to further the mission of [t]he Audubon Society." Plaintiffs acquired parcel A from the Audubon Society on March 2, 2001, subject, as relevant here, to all enforceable covenants and restrictions of record. Defendant acquired parcel B from the Audubon Society pursuant to a deed dated April 12, 2013 that contained the same forever wild restriction as the deed from the Estate to the Audubon Society.[FN2]
Plaintiffs commenced this action based on allegations that defendant had undertaken actions, such as cutting some trees and removing vegetation on parcel B, thereby violating the forever wild restriction, seeking enforcement of the restriction and, further, asserting claims of adverse possession, nuisance, prima facie tort and trespass. After joinder of issue, plaintiffs moved for partial summary judgment seeking, among other things, a declaration that defendant is bound by the forever wild restriction and dismissal of the affirmative defense that they lack standing to seek enforcement of said restriction. Defendant cross-moved for partial summary judgment seeking dismissal of the adverse possession claim and the causes of action relating to enforcement of the forever wild restriction. Supreme Court denied plaintiffs' motion for partial summary judgment and, concluding that plaintiffs did not have standing to seek enforcement of the forever wild restriction, granted defendant's cross motion. Plaintiffs appeal.[FN3]
The standing issue requires that we determine whether the forever wild restriction is personal or runs with the land (see Haldeman v Teicholz, 197 AD2d 223, 224 [1994]). In making that determination, "we are guided by the general principles that because the law favors free and unencumbered use of real property, covenants purporting to restrict such use are strictly construed and restraints will be enforced only when their existence has been established by clear and convincing proof by the owner of the dominant estate" (id. at 226). "One of the elements of a restrictive covenant that runs with the land is that the 'parties [to the conveyance that created the covenant] intended its burden to attach to the servient parcel and its benefit to run with the dominant estate'" (id. at 225 [certain emphasis added], quoting Orange & Rockland Util. v Philwold Estates, 52 NY2d 253, 262 [1981]).
Although there is evidence that the parties intended that the burden of the forever wild restriction run with parcel B, the record is bereft of evidence suggesting they intended that parcel A benefit from the restriction. The intent that the burden of the restriction run with parcel B is evident from the language of the 1998 deed of parcel B from the Estate to the Audubon Society, which expressly provided that the "land shall be forever wild" (emphasis added) and that the "restrictions shall run with the land." However, the record lacks clear and convincing proof that the parties intended that the benefit of the forever wild restriction accrue to parcel A. Notably, none of the 1998 deeds that separately conveyed the three parcels from the Estate to the Audubon Society provided for enforcement of the forever wild restriction by the owners of parcels A and C (see Glass v Del Duca, 151 AD3d 941, 942 [2017]; cf. Nature Conservancy v Congel, 253 AD2d 248, 250-253 [1999]). Further, it is apparent from the language of the forever wild restriction — which expressly requires that parcel B "shall be used as a research, education and management area for urban wildlife conservation and water resource protection" — that it was imposed to advance Rockwell's interest in research, education and conservation, and not for the purpose of [*3]simply maintaining undeveloped property for the benefit of parcels A and C, which were not similarly restricted. Nor is enforcement of the forever wild restriction by the owners of parcels A and C necessary to ensure compliance with the stated purposes of the covenant because it may be enforced by the Estate or its assigns.[FN4]
Finally, the forever wild restriction does not fall within the category of restrictive covenants that is recognized as being enforceable by an owner of a parcel that derives from a common grantor. In that regard, covenants that are entered into to implement a general, or common, scheme for the improvement or development of real property are enforceable by any grantee (see Haldeman v Teicholz, 197 AD2d at 224, citing Korn v Campbell, 192 NY 490, 495 [1908]). "In such cases the covenant is enforceable by any grantee as against any other upon the theory that there is a mutuality of covenant and consideration which binds each, and gives to each the appropriate remedy. Such covenants are entered into by the grantees for their mutual protection and benefit, and the consideration therefor lies in the fact that the diminution in the value of a lot burdened with restrictions is partly or wholly offset by the enhancement in its value due to similar restrictions upon all the other lots in the same tract" (Korn v Campbell, 192 NY at 495). Here, there is no scheme of development or covenant that is common to all three parcels. The forever wild restriction precludes any future development of parcel B. Although a similar covenant limiting development could have been imposed on parcels A and C, the applicable covenants instead allow an increase in the intensity of use by permitting further subdivision of both parcels and construction of additional single-family residences. Thus, there was no corresponding benefit to parcel B for the diminution in its value that resulted from imposition of the forever wild restriction that would justify enforcement of the forever wild restriction by plaintiffs as owners of parcel A. Accordingly, Supreme Court properly concluded that plaintiffs lack standing to enforce the forever wild restriction.
Garry, P.J., Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Parcel C is subject to substantially the same covenants as parcel A.

Footnote 2: The Audubon Society sold parcel C in 2002, and its present owner is not a party to this action.

Footnote 3: Plaintiffs do not raise any arguments on appeal with respect to Supreme Court's dismissal of their adverse possession claim.

Footnote 4: Neither the Estate nor an assignee of the Estate is a party to this action.