■ J. Gregory Van Schaack et al., Appellants, v Kenneth J. Torsoe, Respondent.—In an action, inter alia, for a judgment declaring that "an easement and right-of-way for ingress and egress exists over the [defendant's] existing driveway", the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Ingrassia, J.), dated November 22, 1988, as, upon granting those branches of the defendant's motion which were for summary judgment on the first and second counterclaims set forth in the defendant's answer and to dismiss the plaintiffs' complaint, declared, inter alia, that "the plaintiffs have no interest in, title to, claim upon, or right to use any portion of the defendant's property * * * as a means of ingress and egress to and from the plaintiffs' property".

Ordered that the judgment is affirmed insofar as appealed from, with costs.

By a bargain and sale deed, dated November 9, 1978, the defendant conveyed a parcel of realty from his newly subdivided property to Anthony Urcioli, the plaintiffs' grantor. The transferred parcel is adjacent to a plot retained by the defendant. Both parcels are adjacent to East Lake Road, a public right-of-way. There is a driveway leading off of East Lake Road which passes over the defendant's property and continues beyond his residence onto the transferred parcel.

By its terms the 1978 deed stated that the conveyance was

"subject to all notations" on the subdivision plat map, which was filed in the Orange County Clerk's office. Among the notations on that map were statements that the portion of the driveway extending beyond the defendant's residence was "not to be used" and was to be "filled and landscaped". In addition, a "proposed drive" was marked on the map, leading from East Lake Road to the proposed residence, which lay entirely within the transferred parcel's boundaries.

By bargain and sale deed dated November 14, 1980, Urcioli conveyed the parcel to the plaintiffs. By its terms the deed transferred "the same premises conveyed by [the defendant] to ANTHONY URCIOLI by Deed dated November 9, 1978", and expressly incorporated the notations found on the subdivision plat map.

At a meeting of the Planning Board of the Village of Tuxedo Park the defendant stated on the record that he would grant the plaintiffs a *"temporary* easement" for the use of his driveway while their home was under construction. The Planning Board advised the plaintiffs to "indicate a proposed driveway on their plans" to be constructed if and when the defendant revoked his "easement". Although the construction on the plaintiffs' home was completed and a certificate of occupancy was issued requiring the completion of a driveway within six months, this was never done.

In a letter dated November 3, 1986, the defendant advised the plaintiffs that they would only be permitted to use his driveway until June 30, 1987, at which time that portion of the driveway extending beyond the defendant's residence would be physically removed. The plaintiffs then commenced the present action for a judgment declaring that they are the beneficiaries of an easement in favor of the transferred parcel permitting ingress and egress over that portion of the driveway located on the defendant's property.

The plaintiffs were at most the grantees of a revocable license to use the defendant's driveway, and they therefore acquired no interest in the defendant's land *(see, Todd v Krolick,* 96 AD2d 695, *affd* 62 NY2d 836; 2 Warren's Weed, New York Real Property, Easements, § 3.03).

The plaintiffs' assertion that an easement should be implied from the circumstances surrounding the conveyance is without merit since the clear and unambiguous language of the grant indicates that no such easement was ever intended *(Miller v Edmore Homes Corp.,* 285 App Div 837, *affd* 309 NY 839; *Phillips v Jacobsen,* 117 AD2d 785; *Zubli v Community Mainstreaming Assocs.,* 102 Misc 2d 320, 330).

In addition, no easement by necessity has been shown to exist in the plaintiffs' favor, since the record indicates that their parcel extensively fronts at least one public road. That the construction of a driveway from the plaintiffs' residence out to this road may be costly or inconvenient is not relevant. Absolute necessity is the standard for a finding of an easement by necessity (*Matter of City of New York [Avenue K]*, 250 App Div 137, *affd* 274 NY 503; *McQuinn v Tantalo*, 41 AD2d 575; *Palmer v Palmer*, 150 NY 139; *Carlo v Lushia*, 144 AD2d 211; 1 Rasch, New York Law and Practice of Real Property § 750, at 466-467).

The plaintiffs' assertion that the defendant should be equitably estopped from denying the existence of an easement in their favor is unsupported by the record. At no time, by words or actions, did the defendant lead the plaintiffs to believe that they would have the use of his driveway on anything but a temporary basis. The facts indicate that the plaintiffs clearly knew this to be the case.

Accordingly, the award of summary judgment in favor of the defendant was appropriate. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.