■ ERIC D. FADER, Respondent, v TACONIC TRACT DEVELOPMENT, LLC, et al., Appellants. [11 NYS3d 184]—

In an action, inter alia, for a judgment declaring that the proposed construction of an access road through a certain parcel of real property violates certain restrictive covenants, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered May 17, 2013, as granted that branch of the plaintiff's motion which was for summary judgment declaring that the proposed construction of an access road through the subject parcel violates certain restrictive covenants, and denied those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's cause of action for such declaratory relief on the ground of lack of standing or, alternatively, for a judgment declaring that the restrictive covenants would not be violated by the proposed construction.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the proposed construction of an access road through the subject parcel violates certain restrictive covenants.

The plaintiff and the defendant Sharon C. Saunders own adjoining parcels of property located within the Countryside Subdivision in the Town of Mount Pleasant. The plaintiff's property and Saunders' property, known as parcel D, adjoin other lots owned by Saunders, her husband, and the defendant Taconic Tract Property, LLC (hereinafter Taconic), of which Saunders' husband is the managing member and sole equity owner. The adjoining lots are located outside the subdivision. In October 2012, the Town of Mount Pleasant Planning Board granted Taconic preliminary approval of its application to develop the other lots owned by it and the Saunders into a 16-home subdivision, which included a proposal to construct a roadway across parcel D linking the new homes to Carleton Avenue, a public street, and which would provide the primary vehicular access to and from the new subdivision.

The plaintiff commenced this action seeking, inter alia, a judgment declaring that the construction of the proposed access road would violate a restrictive covenant appearing in deeds to parcel D in Saunders' chain of title which was imposed by the developer of the Countryside subdivision and states that parcel D "shall be maintained . . . in perpetuity as open space preserving same in its present natural condition and not permitting or causing thereon any construction, improvements or alterations of the existing natural state of the premises. This restriction shall run with the land in perpetuity." He also identified a note on the filed subdivision plat designating parcel D as "Open Space [Not A Building Lot]."

Following discovery, the plaintiff moved, inter alia, for summary judgment declaring that the restrictive covenants prohibit the construction of the proposed access road, and the defendants cross-moved for summary judgment dismissing the complaint or, alternatively, declaring that the proposed construction would not violate the restrictive covenants.

Initially, there is no merit to the defendants' contention that the plaintiff lacked standing to commence this action. As the Supreme Court properly found, the evidence clearly and definitively shows that the subject covenants were part of a common development scheme created for the benefit of all property owners within the Countryside subdivision. As such, the plaintiff has standing to enforce them (*see Hidalgo v 4-34-68, Inc.*, 117 AD3d 798, 800 [2014]; *Dever v DeVito*, 84 AD3d 1539, 1542 [2011]; *Graham v Beermunder*, 93 AD2d 254, 258 [1983]).

On the merits, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment declaring that the construction of the proposed access road would violate the restrictive covenants, and denied those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's cause of action for such declaratory relief on the ground of lack of standing or, alternatively, for a judgment declaring that the restrictive covenants would not be violated by the proposed construction. "The law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (*Hidalgo v 4-34-68, Inc.*, 117 AD3d at 800 [internal quotation marks omitted]; *see Witter v Taggart*, 78 NY2d 234, 237 [1991]; *Birch Tree Partners, LLC v Windsor Digital Studio, LLC*, 95 AD3d 1154, 1155 [2012]). "[C]ourts will enforce such restraints only where the party seeking enforcement establishes their application by clear and convincing evidence" (*Hidalgo v 4-34-68, Inc.*, 117 AD3d at 800

[internal quotation marks omitted]; *see Witter v Taggart,* 78 NY2d at 238; *Huggins v Castle Estates,* 36 NY2d 427, 430 [1975]). "However, where proved by clear and convincing evidence, they are to be enforced pursuant to their clear meaning" (*Blind Brook Club v Murray,* 255 AD2d 347, 348 [1998]). Here, the plaintiff established, prima facie, that the deed covenant and subdivision map note were applicable and that Taconic's construction of the proposed access road would violate them. The defendants failed to raise a triable issue of fact in opposition to the plaintiff's motion, or make a prima facie showing in support of their cross motion.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the proposed construction of an access road through the subject parcel violates certain restrictive covenants (*see Lanza v Wagner,* 11 NY2d 317 [1962]). Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.