SANDRA WHEELER, Formerly Known as SANDRA PHILLIPS, Appellant, v DONALD P. DEL DUCA et al., Respondents. [58 NYS3d 409]—

In an action, inter alia, to recover damages for trespass and private nuisance and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 30, 2014, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the amended complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action, which alleged a private nuisance, as the amended complaint failed to state a cause of action to recover damages for a private nuisance. The

plaintiff failed to sufficiently allege an interference with her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendants' conduct (*see Schulz v Dattero*, 104 AD3d 831, 833 [2013]; *Ward v City of New York*, 15 AD3d 392, 392 [2005]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 412 [2004]). The plaintiff's allegation that the defendants' actions interfered with the use and enjoyment of her backyard and bulkhead is conclusory and vague, and does not satisfy the pleading requirements (*see McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 525 [2001]).

The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the plaintiff's third cause of action, which was to enjoin alleged violations of the Code of the Town of Islip and restrictive covenants and to recover damages incidental to the alleged violations, as the plaintiff lacks standing to bring such a cause of action. Generally, to maintain a private action at common law to enjoin a zoning violation, a plaintiff must establish that he or she has standing to do so by demonstrating that special damages were sustained due to the defendant's activities. To establish special damages, it is necessary to show that there is some depreciation in the value of the premises as real property arising from the forbidden use (*see Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843 [2005]; *Santulli v Drybka*, 196 AD2d 862, 863 [1993]). The plaintiff here failed to show that there was a depreciation of the character of the immediate neighborhood, or a depreciation in the value of her premises.

Furthermore, as stated previously, the plaintiff lacks standing to enforce restrictive covenants regarding the defendants' property. The language in the deed from the original grantor indicates that the covenants were not imposed for the benefit of the owner of neighboring land. Therefore, the plaintiff may not enforce the covenants as a third-party beneficiary (*cf. Nature Conservancy v Congel*, 253 AD2d 248, 251 [1999]; *Zamiarski v Kozial*, 18 AD2d 297, 299 [1963]). Moreover, these covenants were not part of a common development scheme created for the benefit of all property owners within the subject development (*cf. Fader v Taconic Tract Dev., LLC*, 128 AD3d 887 [2015]; *Hidalgo v 4-34-68, Inc.*, 117 AD3d 798, 800 [2014]; *Dever v DeVito*, 84 AD3d 1539, 1540 [2011]).

Finally, the Supreme Court properly, in effect, directed dismissal pursuant to CPLR 3211 (a) (3) of the plaintiff's fourth cause of action, which alleged trespass, as the plaintiff lacks standing to bring such a cause of action. The essential ele-

ments of a cause of action sounding in trespass are the intentional entry into the land of another without justification or permission (*see Boring v Town of Babylon*, 147 AD3d 892 [2017]; *Julia Props., LLC v Levy*, 137 AD3d 1224 [2016]). A trespass cause of action may only be maintained by one entitled to possess the subject property. Ownership alone is insufficient (*see Cornick v Forever Wild Dev. Corp.*, 240 AD2d 980, 981 [1997]). The plaintiff's failure to specifically plead the right to possession of land under the water, where the trespass allegedly occurred, is fatal to her trespass claim (*see id.*). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur. 