In an action, inter alia, in effect, to enforce a restrictive covenant, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Adler, J.), dated April 7, 2015, as denied that branch of their motion pursuant to CPLR 3211 (a) which was to dismiss the first cause of action for lack of standing, and (2) so much of an order of the same court dated July 2, 2015, as granted that branch of the plaintiffs motion which was for summary judgment on the first cause of action.
 

 Ordered that the order dated April 7, 2015, is reversed insofar as appealed from, on the law, and that branch of the defendants’ motion pursuant to CPLR 3211 (a) which was to dismiss the first cause of action for lack of standing is granted; and it is further,
 

 Ordered that the order dated July 2, 2015, is reversed insofar as appealed from, on the law, and that branch of the plaintiff’s motion which was for summary judgment on the first cause of action is denied; and it is further,
 

 Ordered that one bill of costs is awarded to the defendants.
 

 The plaintiff and the defendant Fleetwood Garage Corp. (hereinafter Fleetwood Garage) own adjoining parcels of property in Mount Vernon. The defendant William Weinberg is the president of Fleetwood Garage. The plaintiff commenced this action, inter alia, to restrain the defendants from operating a commercial parking garage on the property owned by Fleetwood Garage. The plaintiff predicates its right to this relief upon a restrictive covenant which prohibits, among other things, the erection of any nonresidential buildings, including any garage except one for the exclusive use of the occupant or occupants of any building erected on the property.
 

 The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint, inter alia, on the ground that the plaintiff lacked standing to enforce the restrictive covenant. In an order dated April 7, 2015, the Supreme Court, among other things, denied the defendants’ motion as to the first cause of action, which was, in effect, to enforce the restrictive covenant. As relevant to these appeals, the court found that the plaintiff had standing to enforce the restrictive covenant because the covenant was part of a common development scheme. While the defendants’ motion to dismiss was pending, the plaintiff moved, inter alia, for summary judgment on the first cause of action. In an order dated July 2, 2015, the court, among other things, awarded the plaintiff summary judgment on the first cause of action. The defendants appeal from both orders, arguing that the court erred in concluding that the plaintiff had standing to enforce the covenant.
 

 The covenant that the plaintiff seeks to enforce is found in a deed dated February 25, 1924, in which Charles H. Farrington conveyed an apparently undeveloped parcel of land to Ferdinand J. Thill, subject to numerous restrictions, including the one at issue here. In 1929, a seven-story apartment building was built upon a portion of the parcel. In 1931, a private parking garage was built upon another portion of the parcel. The record does not establish the complete chain of title following the 1924 deed, but, on April 7, 1988, 651 North Terrace Avenue Associates was then in ownership of the parcel or a portion of the parcel, and it conveyed its interest in the land to Hudson 651 Associates (hereinafter Hudson). The deed conveying the property to Hudson contained no reference to the covenant set forth in the 1924 deed. Subsequently, by deed dated May 18, 1990, Hudson conveyed a portion of the parcel, which included the apartment building, to the plaintiff. On September 23, 1991, Hudson conveyed the remainder of the parcel, which included the garage, to Fleetwood Garage. Neither of the deeds conveying the property from Hudson contained any reference to the covenant set forth in the 1924 deed.
 

 Restrictive covenants, also categorized as negative easements, restrain servient landowners from making otherwise lawful uses of their property (see Witter v Taggart, 78 NY2d 234, 237 [1991]; Huggins v Castle Estates, 36 NY2d 427, 430 [1975]). “However, the law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them” (Witter v Taggart, 78 NY2d at 237; see Huggins v Castle Estates, 36 NY2d at 430; Butler v Mathisson, 114 AD3d 894, 895 [2014]). Here, the record does not show whether Farrington retained a dominant estate which benefitted from the covenant at issue, or that the other legal requirements were present to establish that the subject covenant ran with the land so as to be enforceable against Thill’s successors in interest (see 328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d 372, 382-383 [2007]; Orange & Rockland Util. v Philwold Estates, 52 NY2d 253, 262 [1981]; Neponsit Prop. Owners’ Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 254-255 [1938]). Nonetheless, for the purposes of their motion, the defendants do not contest whether the restriction has run with the land, but instead, dispute the plaintiff’s standing to enforce any such restriction if it still exists.
 

 Since the plaintiff is not a party to the instrument containing the covenant, or referred to therein as a beneficiary, in order to enforce the covenant at issue the plaintiff must rely upon an equitable right of enforcement based on the existence of a common plan or scheme of building development (see Steinmann v Silverman, 14 NY2d 243, 245 [1964]; Columbia Coll. in City of N.Y. v Lynch, 70 NY 440, 451 [1877]; Graham v Beermunder, 93 AD2d 254, 258 [1983]; Lewis v Spies, 43 AD2d 714, 715 [1973]; Gauthier v Village of Larchmont, 30 AD2d 303, 305 [1968]). Such a right arises where “an owner of a large plot or tract of land divides it into building lots to be sold to different purchasers for separate occupancy, by deeds which contain uniform covenants restricting the use which the several grantees may make of their premises” (Korn v Campbell, 192 NY 490, 495 [1908]; see e.g. Fader v Taconic Tract Dev., LLC, 128 AD3d 887, 888 [2015]; Hidalgo v 4-34-68, Inc., 117 AD3d 798, 800 [2014]; Graham v Beermunder, 93 AD2d at 258). “[T]he covenant is enforceable by any grantee as against any other upon the theory that there is a mutuality of covenant and consideration which binds each, and gives to each the appropriate remedy. Such covenants are entered into by the grantees for their mutual protection and benefit, and the consideration therefor lies in the fact that the diminution in the value of a lot burdened with restrictions is partly or wholly offset by the enhancement in its value due to similar restrictions upon all the other lots in the same tract” (Korn v Campbell, 192 NY at 495).
 

 Here, the record establishes that the restrictive covenant from the 1924 deed was not part of a common development scheme created for the benefit of subdivision property owners as concerns the plaintiff and the defendants. There is no evidence that when Farrington conveyed the land to Thill in 1924, the land was to be divided, and Thill was under no obligation to divide it. As best as can be determined from the record, the covenant appears to have been for the benefit of Farrington or his remaining lands, if he had any. At the time of the conveyance, the covenant cannot be said to have benefitted any part of the land burdened by it. That land was in one piece, owned by Thill, which was covered, in its entirety, by the same restrictions (see id. at 496). When the land was conveyed to Hudson, at least as to the lots now owned by the plaintiff and Fleetwood Garage, it was still in a single piece, and Hudson, the absolute owner of it, was free to do with it as it pleased except as against Farrington, the original covenantee, or those who stood in his shoes (see id.). When Hudson decided to divide the property, neither of the deeds embodied any part of the restrictive covenant, or contained any reference thereto. Hudson is the common grantor of the parties, and it sold the property without restrictions. Neither the plaintiff nor Fleetwood Garage have any different title from that which they derived through the unrestricted deeds from Hudson (see id. at 497). Thus, the original covenant is not enforceable as between the plaintiff and Fleetwood Garage (see id.).
 

 Consequently, the Supreme Court should have granted that branch of the defendants’ motion which was to dismiss the first cause of action on the ground that the plaintiff lacks standing to enforce the covenant (see Haldeman v Teicholz, 197 AD2d 223, 226 [1994]; Lewis v Spies, 43 AD2d at 715; Gauthier v Village of Larchmont, 30 AD2d at 305), and it should not have granted that branch of the plaintiff’s motion which was for summary judgment on the first cause of action.
 

 Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.