MJK Bldg. Corp. v Fayland Realty, Inc. (2020 NY Slip Op 02037)





MJK Bldg. Corp. v Fayland Realty, Inc.


2020 NY Slip Op 02037


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-10070
 (Index No. 607643/15)

[*1]MJK Building Corp., et al., appellants, 
v
Fayland Realty, Inc., et al., respondents, et al., defendants.


Kim & Associates, LLC, Commack, NY (John Y. Kim of counsel), for appellants.
Cullen and Dykman LLP, Garden City, NY (Brian Donnelly and Jennifer McLaughlin of counsel), for respondents Fayland Realty, Inc., Marathon Petroleum Corporation, and Speedway, LLC.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for respondent L.M.I. Commack Realty Corp.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property, and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated August 1, 2016. The order granted the motion of the defendants Fayland Realty, Inc., L.M.I. Commack Realty Corp., Marathon Petroleum Corporation, and Speedway, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, and thereafter, for the entry of a judgment, inter alia, declaring that an agreement recorded in the Suffolk County Clerk's Office in Liber 8377 at page 213 is enforceable, and that the plaintiffs do not have an easement by express grant, prescription, adverse possession, or estoppel over real property located at 2104 Jericho Turnpike and 15 Harned Road in Commack, New York.
The plaintiffs commenced this action, inter alia, for a judgment declaring, in effect, that they hold an easement over adjoining parcels of real property to the west of their own parcel (hereinafter the subject property), and directing that certain physical barriers and a reconfigured curb cut be removed to accommodate that easement. The plaintiffs premise this alleged easement interest upon a restrictive covenant established in a deed conveying the parcel to the east of the subject property in 1950, at a time when all the parcels in question were owned by a single grantor. That covenant guaranteed, among other things, mutual access for the patrons of businesses located to the east, west, and south of the subject property, which the plaintiffs' ultimately acquired, but the subject property was not included in that covenant. The original grantor also covenanted not to use any of the other aforementioned parcels as a roadside stand or restaurant. In 1977, the original grantor conveyed the subject property to the plaintiffs' predecessor in the title by a deed that made no mention of these restrictive covenants, and shortly thereafter, the original grantor and the purchaser of the parcel to the east of the subject property entered into an agreement cancelling all the restrictive [*2]covenants in the 1950 deed. In the alternative to their allegation that they possess an express easement over the neighboring parcels to the west of the subject property, the plaintiffs asserted that they possess an easement by prescription, adverse possession, and/or estoppel arising from their patrons' regular use of the western parcels to access their business since the 1990s.
The defendants Fayland Realty, Inc., L.M.I. Commack Realty Corp., Marathon Petroleum Corporation, and Speedway, LLC (hereinafter collectively the defendants), moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, inter alia, on the grounds that the plaintiffs lacked standing to enforce the restrictive covenant that had been terminated in 1977, and that they failed to allege facts sufficient to state a cause of action for an easement by prescription, adverse possession, or estoppel. In an order dated August 1, 2016, the Supreme Court granted the motion. The plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1040-1041; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Additionally, in considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(1), "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Leon v Martinez, 84 NY2d at 88).
"Restrictive covenants, also categorized as negative easements, restrain servient landowners from making otherwise lawful uses of their property" (Fleetwood Chateau Owners Corp. v Fleetwood Garage Corp., 153 AD3d 1238, 1239). " However, the law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them'" (id. at 1239, quoting Witter v Taggart, 78 NY2d 234, 237). Here, the defendants utterly refuted the plaintiffs' claim to an express easement arising from the deed originally conveying the parcel to their east by showing that the subject property did not benefit from the easement, and that the owners of the parcels that did benefit from the easement validly terminated it by agreement in 1977. The record also utterly refutes the plaintiffs' allegations that the agreement terminating the easement is invalid (see Reznikov v Walowitz, 63 AD3d 1134, 1135), and that they have an equitable right to enforce the easement (see Korn v Campbell, 192 NY 490, 495; Fleetwood Chateau Owners Corp. v Fleetwood Garage Corp., 153 AD3d at 1240-1241).
A party seeking to obtain title by adverse possession must establish that "the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years" (CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc., 96 AD3d 986, 987). "Similarly, [a]n easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period'" (id. at 987, quoting Almeida v Wells, 74 AD3d 1256, 1259). Here, the plaintiffs made no allegations of hostile ownership or use in the amended complaint, and the evidence submitted in opposition to the defendants' motion established that their use of the western parcels was merely a matter of neighborly accommodation. The record thereby negated the hostility element of the plaintiffs' causes of action for a judgment declaring they held an easement by prescription or adverse possession (see Kelly v Schwend, 15 AD3d 450, 450-451; Pickett v Whipple, 216 AD2d 833, 835; Susquehanna Realty Corp. v Barth, 108 AD2d 909, 909).
An easement by estoppel may arise when, among other things, a party reasonably relies upon a servient landowner's representation that an easement exists (see 49 NY Jur 2d, Easements §§ 17, 47; see also Mattes v Frankel, 157 NY 603, 608-609; Karlin v Bridges, 172 AD2d [*3]644, 646). Here, the plaintiffs failed to allege or proffer evidence in opposition to the defendants' motion which was sufficient to permit an inference that they undertook any action to their detriment in reasonable reliance upon a representation that they held an easement. Thus, the plaintiffs failed to state a cause of action for an easement by estoppel (see Sheinberg v 177 E. 77, 248 AD2d 176, 177; U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835, 838-839; Van Schaack v Torsoe, 161 AD2d 701, 703).
The plaintiffs' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings, and thereafter, for the entry of a judgment, inter alia, declaring that the agreement recorded in the Suffolk County Clerk's Office in Liber 8377 at page 213 is enforceable, and that the plaintiffs do not have an easement by express grant, prescription, adverse possession, or estoppel over real property located at 2104 Jericho Turnpike and 15 Harned Road in Commack, New York (see GDG Realty, LLC v 149 Glen St. Corp., 155 AD3d 833, 836; Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874, 880).
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court