Isnady v Walden Preserv., L.P. (2022 NY Slip Op 04903)

Isnady v Walden Preserv., L.P.

2022 NY Slip Op 04903

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2018-00268
 (Index No. 7058/16)

[*1]Will Isnady, appellant, 
v
Walden Preservation, L.P., etc., et al., respondents.

Barry D. Haberman, New City, NY, for appellant.
London Fischer LLP, New York, NY (Brian P. McLaughlin, Eric A. Thorsen, and Myra Needleman of counsel), for respondent Walden Preservation, L.P.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY (Eliza M. Scheibel and Janine A. Mastellone of counsel), for respondents Village of Walden and Village of Walden Police Department.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has certain easements over a portion of certain real property owned by the defendant Walden Preservation, L.P., the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated December 13, 2017. The order, insofar as appealed from, granted the motion of the defendants Village of Walden and Village of Walden Police Department pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and granted those branches of the separate motion of the defendant Walden Preservation, L.P., which were pursuant to CPLR 3211(a) to dismiss so much of the first cause of action, insofar as asserted against it, as sought a judgment declaring that the plaintiff has an easement for parking and to dismiss the third cause of action insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Village of Walden and Village of Walden Police Department which was pursuant to CPLR 3211(a) to dismiss so much of the complaint insofar as asserted against them as sought a declaratory judgment, and adding a provision thereto deeming that branch of those defendants' motion to be for a declaratory judgment in their favor, and thereupon granting that branch of those defendants' motion, and (2) deleting the provision thereof granting that branch of the motion of the defendant Walden Preservation, L.P., which was pursuant to CPLR 3211(a) to dismiss so much of the first cause of action, insofar as asserted against it, as sought a judgment declaring that the plaintiff has an easement for parking, and adding a provision thereto deeming that branch of that defendant's motion to be for a declaratory judgment in its favor, and thereupon granting that branch of that defendant's motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, making the appropriate declarations.
The plaintiff owns real property located on West Main Street in Walden (hereinafter [*2]the subject property). The defendant Walden Preservation, L.P. (hereinafter Walden Preservation), owns adjacent real property located on Cliff Street, as well as Cliff Street itself. An agency of the defendant Village of Walden transferred Cliff Street to nonparty Walden Housing Associates pursuant to an indenture dated August 3, 1978 (hereinafter the Indenture). Walden Housing Associates then transferred its interest to Walden Preservation by a deed dated July 16, 2015.
Cliff Street connects West Main Street and Oak Street. Prior to August 3, 1978, Cliff Street was a public street, open to vehicular traffic and parking. The Indenture provided that Cliff Street would be a private street with no thru traffic from Oak Street to West Main Street via Cliff Street and that the roadway entering from Oak Street was to be "two-way and . . . a 'fire lane' without parking," while the roadway from West Main Street was to be "one way 'in' and for emergency vehicles only."
On October 17, 2016, the plaintiff commenced this action, inter alia, for a judgment declaring that he has easements for ingress and egress over Cliff Street to access a driveway at the rear of the subject property and for parking on Cliff Street. On December 1, 2016, the defendants Village of Walden and Village of Walden Police Department (hereinafter together the municipal defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. On December 22, 2016, Walden Preservation separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order dated December 13, 2017, the Supreme Court, inter alia, granted the municipal defendants' motion and granted those branches of Walden Preservation's motion which were to dismiss so much of the first cause of action, insofar as asserted against it, as sought a judgment declaring that the plaintiff has an easement for parking on Cliff Street and to dismiss the third cause of action, which sought damages, insofar as asserted against it. The court, upon severing so much of the complaint as sought a judgment against Walden Preservation declaring that the plaintiff has easements for ingress and egress over Cliff Street to access his driveway, concluded that the defendants were entitled to the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement, express or prescriptive, for the use of Walden Preservation's property for parking. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 861 [internal quotation marks omitted]). However, "[c]onclusory allegations or bare legal assertions with no factual specificity are not sufficient, and will not survive a motion to dismiss" (Polite v Marquis Marriot Hotel, 195 AD3d 965, 967 [internal quotation marks omitted]; see TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d 1135, 1135). Further, where, as here, "'evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d at 861, quoting Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064-1065).
Applying these principles here, the Supreme Court properly concluded that the defendants were entitled to a judgment declaring that the plaintiff does not have an easement for parking on Cliff Street, properly granted those branches of the municipal defendants' motion which [*3]were to dismiss so much of the complaint as sought damages insofar as asserted against it, and properly granted that branch of Walden Preservation's motion which was to dismiss the third cause of action, which sought damages, insofar as asserted against it. "[A] property interest must exist before it may be taken" (Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603, 613 [internal quotation marks omitted]; see Monroe Equities, LLC v State of New York, 145 AD3d 680, 683). Here, the plaintiff's own allegations and the evidentiary materials submitted by the municipal defendants in support of their motion to dismiss resolved, as a matter of law, those parties' dispute as to the causes of action for an easement for parking and for damages for the alleged impermissible taking of such easement, "such that it can be said that the allegations in the complaint" in that regard "are not facts at all" (Halo v Schmidt, 199 AD3d 992, 993).
"To create an easement by express grant there must be a writing containing plain and direct language evincing the grantor's interest to create a right in the nature of an easement" (Willow Tex v Dimacopoulos, 68 NY2d 963, 965; see London Terrace Gardens v London Terrace Towers Owners, 203 AD2d 145, 145). Here, the municipal defendants conclusively established that there was no writing containing such "plain and direct" language. "To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years" (Ciringione v Ryan, 162 AD3d 634, 634 [internal quotation marks omitted]). Here, the plaintiff's own allegation in the proposed amended complaint that parking was not prohibited on Cliff Street in the area adjacent to the subject property until the Village adopted a fire lane ordinance in January 2016, negates the element of an adverse use that was continuous for the statutory period of 10 years.
The parties' remaining contentions either need not be considered in light of our determination or are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement for parking on Cliff Street (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court