Katz v DePaola (2022 NY Slip Op 07441)

Katz v DePaola

2022 NY Slip Op 07441

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-01930
 (Index No. 37264/19)

[*1]Lauren A. Katz, appellant, 
v
Joseph DePaola III, respondent.

Douglas M. Chertok, New York, NY, for appellant.
Roger, Habas & Eisen, P.C., Orangeburg, NY (Patricia E. Habas of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated February 7, 2020. The order denied the plaintiff's motion for a preliminary injunction and granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of standing.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, seeking to enforce a restrictive covenant precluding the defendant from building a second garage on premises which abuts the premises of the plaintiff. The plaintiff moved for a preliminary injunction precluding the defendant from commencing construction on the second garage and the defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the plaintiff lacked standing to enforce the restrictive covenant. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
"In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Maruca v DiGesu, 207 AD3d 713; see MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 861; Leon v Martinez, 84 NY2d 83, 88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d at 861 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Minzer v Minzer, 206 AD3d 721, 724 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d at 88).
"Restrictive covenants, also categorized as negative easements, restrain servient landowners from making otherwise lawful uses of their property" (Fleetwood Chateau Owners Corp. v Fleetwood Garage Corp., 153 AD3d 1238, 1239; see MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d at 862). "However, the law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (Witter v Taggart, 78 NY2d 234, 237; see MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d at 862). In order to enforce a restrictive covenant, a party must establish standing (see Mastrobattista v Borges, 157 AD3d 435, 436).
Here, the defendant's submissions utterly refuted the plaintiff's claim of standing to enforce the restrictive covenant arising from a deed originally conveying the defendant's property, inter alia, by showing that the plaintiff's property did not benefit from the restrictive covenant and that the plaintiff had no equitable right to enforce the covenant (see MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d at 862; Fleetwood Chateau Owners Corp. v Fleetwood Garage Corp., 153 AD3d at 1239; Wheeler v Del Duca, 151 AD3d 1005, 1006; see also Korn v Campbell, 192 NY 490, 494-496).
Accordingly, the Supreme Court properly denied the plaintiff's motion for a preliminary injunction and properly granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the plaintiff lacks standing to enforce the covenant (see MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d at 862; Fleetwood Chateau Owners Corp. v Fleetwood Garage Corp., 153 AD3d at 1241; Wheeler v Del Duca, 151 AD3d at 1006).
CONNOLLY, J.P., FORD, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court