Katz v DePaola (2025 NY Slip Op 06608)

Katz v DePaola

2025 NY Slip Op 06608

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-03555
2023-03557
 (Index No. 37264/19)

[*1]Lauren A. Katz, appellant, 
v
Joseph A. DePaola III, respondent.

Douglas Chertok, New York, NY, for appellant.
Roger, Habas & Eisen, P.C. (Catina Law, PLLC, New City, NY [Laura M. Catina], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated April 4, 2023, and (2) a judgment of the same court dated April 4, 2023. The order determined that the defendant was entitled to costs and disbursements in the sum of $2,036.83. The judgment, insofar as appealed from, awarded the defendant costs and disbursements in the sum of $2,036.83.
ORDERED that the appeal from the order is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and any possibility of taking a direct appeal from the order terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In this action, inter alia, for declaratory and injunctive relief with respect to the enforcement of a restrictive covenant, by decision and order dated December 28, 2022, this Court affirmed an order dated February 7, 2020, which, among other things, granted the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of standing, and awarded costs on appeal to the defendant (see Katz v DePaola, 211 AD3d 1020).
On February 17, 2023, the defendant served and filed an affirmation in support of a proposed judgment, with a bill of costs in the sum of $2,036.83. On March 23, 2023, the plaintiff submitted a letter to the Supreme Court, contending that the defendant's filings were premature and should be "dismissed" because her motion for leave to reargue the appeal from the order dated February 7, 2020, or, in the alternative, for leave to appeal to the Court of Appeals from this Court's decision and order was still pending.
In an order dated April 4, 2023, the Supreme Court determined that the defendant was entitled to the entire amount of the proposed costs and disbursements. The court issued a judgment [*2]dated April 4, 2023, inter alia, awarding the defendant costs and disbursements in the sum of $2,036.83. The plaintiff appeals.
"It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal. Furthermore, while an appeal from a final judgment or order may leave an inchoate shadow on the rights defined therein, those rights are nonetheless fully enforceable in the absence of a judicially issued stay pending disposition of the appeal" (Da Silva v Musso, 76 NY2d 436, 440). CPLR 5519(a) provides that under certain circumstances, "[s]ervice upon the adverse party of a notice of appeal . . . stays all proceedings to enforce the judgment or order appealed from pending the appeal." Here, the plaintiff's contention that the judgment was issued in error, as premature, based on the pendency of her motion, among other things, for leave to reargue the appeal from the order dated February 7, 2020, is without merit. The automatic stay provided in CPLR 5519 was inapplicable because the plaintiff did not file a notice of appeal, but rather filed a motion, inter alia, for leave to reargue the appeal that already had been determined. Thus, there was no appeal pending (see id. § 5519[a]). The plaintiff failed to demonstrate that there was any stay in effect at the time the defendant sought a judgment, among other things, awarding him costs and disbursements. Accordingly, so much of the judgment as awarded the defendant costs and disbursements was properly issued.
The plaintiff's remaining contention is not properly before this Court, as it is based on matter dehors the record (see Matter of Samson R. [Christopher R.], 227 AD3d 911, 913).
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court