Red Target, LLC v Kun Resources (2025 NY Slip Op 07323)

Red Target, LLC v Kun Resources

2025 NY Slip Op 07323

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2024-06531
 (Index No. 615779/23)

[*1]Red Target, LLC, etc., respondent, 
vKun Resources, etc., et al., appellants.

Smith, Finkelstein, Lundberg, Isler and Yakaboski, LLP, Riverhead, NY (Christopher B. Abbott of counsel), for appellants.
Platzer, Swergold, Goldberg, Katz & Jaslow, LLP, New York, NY (Howard M. Jaslow and Alexander Hwang of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated March 4, 2024. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract. The plaintiff annexed to the complaint a secured finance agreement (hereinafter the SFA) that Currency Capital, LLC (hereinafter Currency LLC), entered into with the defendant Kun Resources. In addition, the plaintiff annexed to the complaint a "Bill of Sale, Assignment and Assumption Agreement" (hereinafter the assignment) that the plaintiff alleged conveyed Currency LLC's rights under the SFA to the plaintiff. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among other things, that the assignment established that the plaintiff was not assigned Currency LLC's rights under the SFA. In an order dated March 4, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Cantor v Villuci, 212 AD3d 765, 766 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Katz v DePaola, 211 AD3d 1020, 1021 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Further, "[a] motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively [*2]establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, accepting the allegations in the complaint as true, as supplemented by the assignment attached thereto (see CPLR 3014), and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently alleged the elements of a breach of contract cause of action against the defendants necessary to survive a motion to dismiss pursuant to CPLR 3211(a)(7) (see Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159). Moreover, the documentary evidence submitted by the defendants failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326-327). The evidence submitted by the defendants also failed to establish that a material fact claimed by the plaintiff is not a fact at all and that no significant dispute exists regarding it (see B & B Maintenance Servs., Inc. v Town of Oyster Bay, 228 AD3d 808, 809). Contrary to the defendants' contention, even though the assignment indicates that it was entered into by U.S. Bank National Association as the indenture trustee for Currency Capital Funding Trust 2018-1, and not as the indenture trustee for Currency LLC, the defendants' submissions did not conclusively establish that the SFA was not assigned to the plaintiff.
Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court